# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE TERRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16−cv−1313−NJR |
| JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronnie Terrell, an Illinois Department of Corrections ("IDOC") inmate at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his First Amended Complaint, Plaintiff claims he was unable to access the law library at Vandalia Correctional Center ("Vandalia") in violation of his constitutional right to access the courts. (Doc. 14). Plaintiff also claims his transfer to Pinckneyville Correctional Center violated his due process rights. *Id.* This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The First Amended Complaint</u>**

In his First Amended Complaint (Doc. 14), Plaintiff makes the following allegations: the Warden of Vandalia ("John Doe 1") "did not ensure the appropriate staff was available to assist [Plaintiff] with appealing his criminal conviction for which he is currently incarcerated . . . for approximately a two-month period, December 14, 2014 until February 10, 2015." (Doc. 14, p. 6). Plaintiff's "inability to file the appeal papers necessary to defend his criminal cause, Case No. 14-cr-9112 in the Circuit Court of Cook County . . . nearly cost him his right to appeal his conviction." *Id.* Further, "denial of court access by John Doe [1] . . . impaired his ability to receive paralegal assistance, notary services, and copying services for legal endeavors." *Id.*

Plaintiff "willfully subject[ed] himself to housing refusal, a violation of IDOC Disciplinary Offence No. 403 – Disobeying a Direct Order in order to expedite his transfer from

Vandalia to a facility with legal services and resources to file his criminal appeal." *Id.* Plaintiff was told that, prior to his arrival, the Vandalia Law Library had been closed due to lack of appropriate personnel to run the facility for 90 days. (Doc. 14, p. 7).

Plaintiff was able to file the necessary paperwork after he was transferred to Pinckneyville for disciplinary reasons. (Doc. 14, p. 8). The disciplinary report and summary issued to him for disobeying a direct order "was not rescinded nor expunged as a result of his transfer although ultimately he was transferred . . . for want of access to legal facilities to which he was entitled as a matter of right and which he was systemically denied" by John Doe 1. *Id.*

John Doe 1 and the Director of IDOC ("John Doe 2") approved of Plaintiff's transfer to Pinckneyville Correctional Center. (Doc. 14, p. 9). Plaintiff believes this makes them "directly responsible for the assault to his person he suffered at the hands of Inmate, Terrance Kirksey," particularly because his transfer increased his security level. *Id.* Plaintiff believes it was "within the purview of both defendants to give him a 'lateral' transfer" so that he could pursue his legal needs. *Id.*

Plaintiff seeks monetary damages from the defendants.

## Discussion

Based on the allegations of the Complaint, the Court designated two counts in this *pro se* action. Given the allegations in the First Amended Complaint, this Court will modify the original two counts to reflect the current defendants in this case. The Court also will include a third count, as designated below. The parties and the Court will use the following designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** John Doe 1 violated Plaintiff's First Amendment right to have meaningful access to the courts by denying him access to the law library for approximately two months.

**Count 2 –** Defendants violated Plaintiff's Due Process rights by transferring him to Pinckneyville where he was assailed by another inmate.

**Count 3 –** Defendants failed to protect Plaintiff in violation of the Eighth Amendment by transferring him to Pinckneyville where he was assailed by another inmate.

As discussed in more detail below, all three counts will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Access to Courts

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Without a right of access to the courts, all other rights an inmate may possess are illusory, being "entirely dependent for their existence on the whim or caprice of the prison warden." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Adams v. Carlson*, 488 F.2d 619, 630 (7th Cir. 1973)); *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Plaintiff claims that John Doe 1, the Warden of Vandalia, denied him access to the courts

by failing to staff the Vandalia Law Library or otherwise provide him with the services necessary to enable Plaintiff to file an appeal in his criminal case. However, Plaintiff fails to allege that John Doe 1's actions caused him to suffer an actual injury in connection with any present or impending lawsuit. Even if John Doe 1's actions delayed Plaintiff's ability to file documents in a lawsuit, a delay becomes injury only if it results in "actual substantial prejudice to specific litigation." *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995). The fact that Plaintiff elected to force a disciplinary transfer does not change the analysis, as there is no allegation nor reason to assume that he would have been unable to file the necessary paperwork in his criminal case had he not taken that action, and he alleges that he was ultimately able to file the relevant documents. Since Plaintiff has failed to allege that he suffered an actual injury related to his criminal case, and admits that he was ultimately able to file the necessary paperwork, Count 1 shall be dismissed with prejudice.

### **Count 2 – Due Process**

Plaintiff's transfer to Pinckneyville also supports no claim. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). The Constitution does not guarantee placement in a particular prison. *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Plaintiff claims that the defendants' approval of his transfer to Pinckneyville, where he encountered and was attacked by an inmate from a maximum security prison, constituted a due process violation. Such a transfer does not violate due process, as explained above. Count 2 will therefore be dismissed with prejudice.

## Count 3 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)).

To the extent Plaintiff seeks to hold the defendants liable for failing to protect him from the alleged assault by Inmate Kirksey, his allegations fail to state a claim upon which relief may be granted. Plaintiff did not allege that the defendants were in any way aware of a specific threat to his safety when the attack occurred – only that they approved his transfer to Pinckneyville, which at most, to their knowledge, subjected him to the generalized risk of violence that is inherent in prisons. He also cannot rely on a theory of *respondeat superior* to hold the defendants liable for the attack because it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v.*

*Haessig*, 788 F.3d 662, 669 (7th Cir. 2015); *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). For these reasons, Count 3 will be dismissed without prejudice.

**Pending Motions**

Plaintiff has filed a Motion for Attorney Representation (Doc. 4) and two Motions for Recruitment of Counsel (Docs. 11, 13). These Motions (Docs. 4, 11, 13) are **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff indicated in one of his motions that he wrote to legal institutions that denied his requests for legal aid. (Doc. 13). In another one of his motions, he attached letters from three separate legal institutions denying his requests for legal assistance. (Doc. 11). The Court considers Plaintiff to have made a reasonable attempt to obtain counsel.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, the failure to protect claim that is not being dismissed with prejudice does not appear to be that factually complex. If Plaintiff chooses to file a Second Amended Complaint expanding upon this issue, he need only explain in what ways, if

any, the defendants were personally involved in and aware of the threat of the alleged assault. Further, Plaintiff has thus far proven capable of articulating his claims, though they have not yet proven to merit any relief. Despite the indication in one of his motions that his highest level of education is "Grade school only" and that he "cannot speak, write, and/or read English very well" without further explanation as to why (Doc. 11), his other two motions indicate that he has "Some high school" and do not make the claim that he is incapable of effectively communicating in English. (Docs. 4, 13).

From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's First Amended Complaint adequately articulates his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, counsel will not be appointed. Plaintiff may choose to re-file a motion for appointment of counsel at a later stage in the litigation should the Second Amended Complaint survive its initial screening.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the First Amended Complaint is **DISMISSED without prejudice** as to **Count 3** and **with** prejudice as to **Counts 1** and **2**, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff

shall file a Second Amended Complaint, stating any facts which may exist to support a failure to protect claim, within 28 days of the entry of this order (on or before **August 31, 2017**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-1313-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's access to courts, prison transfer, or failure to protect claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th

Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**DATED:  August 3, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**