# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE TERRELL, #N-83826, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1313−NJR |
| ) | |
| LASHBROOK, and ) | |
| JOHN BALDWIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronnie Terrell, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Second Amended Complaint, Plaintiff claims the defendants failed to protect him from another inmate who attacked him, in violation of the Eighth Amendment. (Doc. 22). This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Second Amended Complaint

In his Second Amended Complaint (Doc. 22), Plaintiff makes the following allegations: the Department of Corrections, as well as the staff of Pinckneyville, allowed dangerous and violent inmates to interact with minimum and medium security inmates, "which led to the attack on Inmate Terrell" on April 25, 2016. (Doc. 22, p. 7). These inmates "came from a super max facility to Pinckneyville." *Id.* Plaintiff believes "the Department of Corrections should and must be held liable under the Eighth and Fourteenth Amendment because they are directly responsible for operating the Department of Corrections." *Id.*

"The warden [knew] that these detainee[s] had a very high aggressive level so the warden formulated a plan to keep those detainee[s] separate." *Id.* This plan only lasted for six months. *Id.* After the plan "collapse[d]," Plaintiff had his first encounter with Terrance Kirksey, his assailant.

*Id.* This attack "could have been prevented if the lieutenant would have separated either one of us." (Doc. 22, p. 8). He "didn't take [Plaintiff's] request seriously" which "ultimately would [cause] inmate Terrell to be assaulted." *Id.*

## Discussion

To reflect the allegations in the Second Amended Complaint, this Court will modify Count 3, the only remaining count in this case. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 3 –** Defendants failed to protect Plaintiff in violation of the Eighth Amendment by allowing inmates from a super max facility to interact with minimum and medium security detainees, resulting in an attack on Plaintiff.

As discussed in more detail below, this count will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard. Further, to the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed with prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Individuals or entities mentioned in the Second Amended Complaint but not included in the case caption or list of defendants include: "the lieutenant," the Illinois Department of Corrections, and the staff of Pinckneyville.

## Count 3 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833

(internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)).

To the extent Plaintiff seeks to hold the defendants liable for failing to protect him from the alleged assault by Inmate Kirksey, his allegations fail to state a claim upon which relief may be granted. Plaintiff did not allege that the defendants were in any way aware of a *specific* threat to his safety when the attack occurred. Plaintiff claims that "the warden," presumably Defendant Lashbrook, allowed high security, high aggression inmates to mingle with low and medium security inmates. At most, to her knowledge, this subjected him and the other low and medium security inmates to the generalized risk of violence that is inherent in prisons.

Further, Plaintiff did not allege any specific actions of Defendant Baldwin. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a

plaintiff has not meaningfully included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

As noted in a previous Order of this Court, Plaintiff also cannot rely on a theory of *respondeat superior* to hold either of the defendants liable for the attack because it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015); *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). For these reasons, Count 3 will be dismissed for failure to state a claim upon which relief may be granted.

The failure of the amended complaint to state a colorable constitutional claim begs the question, should Plaintiff be given a fourth opportunity to plead his case? Leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim, *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012), or when further amendment would be futile, *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)." *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

Plaintiff has repeatedly failed to state a claim based on his assertion that the attack on him by another inmate was the fault of a prison official. Based on this, the Court finds that allowing

Plaintiff to file another amended complaint would be futile. Therefore, the Second Amendment Complaint, along with this action, will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3**, **LASHBROOK**, and **BALDWIN**, are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Second Amended Complaint, as well as this entire action, are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Further, because the Second Amended Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 8, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**