# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE TERRELL, #N-83826, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16−cv−1313−NJR ) |
| LASHBROOK, and<br>JOHN BALDWIN, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff's Motion for Extension of Time to File a Notice of Appeal (Doc. 25), which was filed on February 6, 2018. The motion does not explain why Plaintiff may need an extension; instead, it simply asks for a thirty-day extension of time "to respond to the above-captioned Lashbrook [and] John Baldwin." (Doc. 25, p. 1). He goes on to note that he seeks "this extension to prepare [his] notice of appeal." *Id.*

Plaintiff's civil rights action was dismissed for failure to state a claim upon which relief may be granted on January 8, 2018 (*see* Doc. 23), pursuant to 28 U.S.C. § 1915A. Judgment was entered the same day. In the Dismissal Order (Doc. 23), the Court notified Plaintiff that he would have 30 days within which to file an appeal. That 30-day deadline falls on February 7, 2018. *See* FED. R. APP. P. 4(a)(1)(a).

While Plaintiff's request for an extension of time to file a notice of appeal in this case may appear on its face to be a simple matter, a District Judge may only grant an extension of time in limited circumstances. The 30-day time limit for the filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell,* 551 U.S. 205, 209-10 (2007). Federal Rule of

Appellate Procedure 4(a)(5)(A) authorizes a District Judge to extend the time to file a notice of appeal only upon a showing of "excusable neglect or good cause." "Excusable neglect" most often comes into play when a party has failed to file anything within the 30-day time limit. *See Sherman v. Quinn*, 668 F.3d 421, 425-26 (7th Cir. 2012) (mere ignorance of the rules will not support an extension); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (District Court Judges "do not have 'carte blanche' authority to allow untimely appeals"). Plaintiff is aware of the 30-day deadline, thus "excusable neglect" is not a factor here. His motion clearly indicates that he desires to pursue an appeal, and the fact that he was able to file his motion before the expiration of the 30 days indicates that he could also have filed his notice of appeal within that time frame. Under these circumstances, Plaintiff has not shown good cause to warrant an extension of time.

The Court must look beyond Plaintiff's request for more time, however, in order to determine whether Plaintiff's motion should itself be sufficient to serve as a timely notice of appeal. A Court should liberally construe Federal Rule of Appellate Procedure 3(c)[1] to accept a document as a notice of appeal if the tendered document is its "functional equivalent," particularly where the filing comes from a *pro se* party and provides adequate notice to other parties. *See Smith v. Barry,* 502 U.S. 244, 248 (1992). The purpose of the notice of appeal requirement "is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document ... determines the document's sufficiency as a notice of appeal." *Id.* (citation omitted). The Seventh Circuit has held that a motion for extension of time may suffice as a notice of appeal. *Listenbee v. City of Milwaukee,* 976 F.2d 348, 350-51 (7th Cir.

---

[1] Federal Rule of Appellate Procedure 3(c) dictates that a notice of appeal must "(A) specify the party or parties taking the appeal ... (B) designate the judgment, order, or part thereof being appealed ... and (C) name the court to which the appeal is taken" and directs that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal ...."

1992). *See also Smith v. Grams*, 565 F.3d 1037, 1041-42 (7th Cir. 2009) (document filed with district court served as notice of appeal despite *pro se* filer's erroneous request to appeal to Supreme Court); *Scherer v. Kelley,* 584 F.2d 170, 174 (7th Cir. 1978) (*pro se* notices of appeal "are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced").

This case was dismissed upon threshold review, thus service was never ordered on any of the defendants. Plaintiff's motion for extension of time gives sufficient notice of his intent to pursue an appeal, and it may be construed as a notice of appeal without any prejudice to any defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 25) is **CONSTRUED** as a **NOTICE OF APPEAL** from the Order and Judgment dismissing this action. The Clerk shall terminate the motion at Doc. 25 and take all necessary steps to transmit the record in this case to the United States Court of Appeals for the Seventh Circuit.

If Plaintiff is unable to pay the $505.00 appellate filing and docketing fee, he shall submit a motion for leave to appeal *in forma pauperis* ("IFP") to this Court, by the deadline that will be set by the Seventh Circuit. Should Plaintiff desire to withdraw his appeal, he must file a motion in the United States Court of Appeals for the Seventh Circuit. FED. R. APP. P. 42(b).

**IT IS SO ORDERED.**

**DATED: February 7, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**